ID# E-DKVSVTXN-JVP
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-21

JAN 04, 2022 02:36 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **DANNETTE HUNT,** | * |
| | * |
| Plaintiff, | * |
| | * CASE NO.: |
| vs. | * |
| | * JURY TRIAL |
| **MDC COAST 4, LLC; OUTBACK** | * |
| **STEAKHOUSE OF FLORIDA, LLC;** | * |
| **ABC CORPORIATION AND XYZ** | * |
| **CORPORATION,** | * |
| | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Dannette Hunt (hereinafter "Plaintiff"), in the above-styled action, and files this, her Complaint for Damages against MDC Coast 4, LLC, Outback Steakhouse of Florida, LLC, ABC Corporation, LLC and ZYZ Corporation (hereinafter "Defendants"), as follows:

1.

Plaintiff consents to the jurisdiction and venue of this Court.

2.

Defendant MDC Coast 4, LLC (hereinafter "Defendant MDC") is a foreign for-profit corporation authorized to do business in this State and derives substantial income and profit from its business ventures in this State. Defendant MDC has a principal place of business at 11995 El Camino Real, San Diego, California 92130.

3.

Defendant MDC is subject to the jurisdiction and venue of this Court.



4.

Service can be perfected upon Defendant MDC by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Defendant Outback Steakhouse of Florida, LLC (hereinafter "Defendant OUTBACK") is a foreign for-profit corporation that derives substantial income and profit from its business ventures in this State. Defendant OUTBACK has a principal place of business at 2202 N. West Shore Boulevard, 5th Floor, Tampa, Florida 33607.

6.

Defendant OUTBACK is subject to the jurisdiction and venue of this Court.

7.

Service can be perfected upon Defendant OUTBACK by serving its registered agent, Corporation Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

8.

Defendants ABC Corporation and XYZ Corporation (hereinafter "Defendant ABC and XYZ" and together with Defendant MDC and Defendant OUTBACK "Defendants") are corporations whose current identification is unknown to Plaintiff, but are believed to be companies that owned, operated or managed the premises located at 1188 Dogwood Dr SE, Conyers, GA 30012 where the subject incident occurred which injured Plaintiff.

## FACTS OF THE CASE

9.

On October 6, 2019, Defendants were engaged in the ownership, management, and operation of the restaurant located at 1188 Dogwood Dr SE, Conyers, GA 30012, also know as Outback Steakhouse (hereinafter "Premises").

10.

On October 6, 2019, Plaintiff was an invitee of the Premises to purchase products sold by Defendants.

11.

On October 6, 2019, the floor in and around Defendants' dining room was wet, slick and/or greasy which created a hazardous condition on the Premises (hereinafter the "hazardous condition").

12.

While on the Premises, Plaintiff slipped and fell as she walked through the dining room of the Premises (hereinafter "Incident").

13.

Defendants provided no warning of any hazardous condition to Plaintiff.

14.

Plaintiff suffered severe physical injury due to the fall, including but not limited to neck, shoulder, and lower back.

15.

Plaintiff has since sought medical treatment for her injuries from the fall.

16.

Plaintiff continues to experience pain and suffering related to the fall injuries.

17

Plaintiff anticipates that she will continue to incur additional medal expenses for her injuries sustained from the Incident.

## COUNT I – NEGLIGENCE

18.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 17, as if fully set forth herein.

19.

Defendants owed a duty of care to Plaintiff to act reasonably in the inspection, operation, and maintenance of the Premises.

20.

Defendants breached their duty to Plaintiff by:

a) Failing to properly inspect the Premises for hazardous conditions;

b) Allowing a hazardous condition to exist and remain on the Premises;

c) Failing to maintain a safe environment for its invitees;

d) Failing to warn Plaintiff of the hazardous condition; and

e) For other negligent acts and omissions which shall be discovered during the litigation and presented at trial.

21.

At all times relevant to the subject Incident, Plaintiff was without fault or negligence.

## COUNT II – RESPONDEAT SUPERIOR

22.

Plaintiff incorporates and realleges the assertions in allegations contained in paragraph 1 – 21, as if fully set forth herein.

23.

At the time of the subject Incident, Defendants' employees and agents working on the Premises were working within the course and scope of their employment.

24.

At the time of the subject Incident, Defendants' employees and agents were responsible for the inspection and maintenance of the Premises such that it should be clear of hazardous conditions.

25.

Defendants are responsible for the actions and/or inactions of its employees with respect to the subject Incident as a matter of law.

## COUNT III - PREMISES LIABILITY

26.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 25, as if fully set forth herein.

27.

Plaintiff was an invitee on the Premises at the time of the Incident.

28.

Defendants owed a nondelegable duty of reasonable care in keeping the Premises safe for invitees such as Plaintiff.

29.

Defendants, by and through their employees who were working within the course and scope of their employment at the time of the Incident, allowed a hazardous condition to exist.

30.

At all times relevant to the subject Incident, Defendants had superior knowledge of the hazardous condition which existed on Defendants' Premises.

31.

Plaintiff did not know of the danger posed by the hazardous condition at the time of the Incident.

32.

Defendants had actual or constructive knowledge of the existence of the hazardous condition and should have warned invitees to the hazardous condition.

33.

Defendants were negligent in failing to properly inspect or maintain its Premises, in failing to remedy the presence of the hazardous condition, in failing to take adequate measures to protect invitees, and in failing to keep the Premises safe for invitees.

## COUNT IV - DAMAGES

34.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 33, as if fully set forth herein.

35.

As a direct and proximate cause of the Defendants' negligence, Plaintiff has sustained severe ongoing physical injuries.

36.

As a direct and proximate cause of the Defendants' negligence, Plaintiff has incurred medical expenses which today total in excess of $88,000.00.

37.

As a direct and proximate result of the Defendant's negligence, Plaintiff may continue to incur future medical expenses for an indeterminate time into the future.

38.

As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred, and continue to incur, pain and suffering, mental anguish, and emotional distress.

39.

As a direct and proximate result of the Defendants' negligence, Plaintiff has lost income and wages and has suffered a diminution of her ability to earn future income.

**WHEREFORE**, the Plaintiff prays:

1. That summons issue and that the Defendants be made party to this action as provided by law;
2. That this case be tried by a jury of 12;
3. That Plaintiff receives a judgment against Defendants for general damages including pain and suffering, mental anguish, and emotional distress, in such an amount as may be shown by the evidence and determined by the enlightened conscience of the jury;
4. That Plaintiff receives a judgment against Defendants for special damages incurred, including but not limited to, medical expenses and lost wages, in an amount to be shown at trial and determined by the enlightened conscience of the jury;

5. That Plaintiff be awarded all costs of litigation, including reasonable attorney's fees and expenses; and

6. That the Court order such other and further relief as necessary.

This 4th day of January 2022.

**Lowe Law Firm, P.C.**

*/s/ Shaun Daugherty*
Shaun Daugherty
Shaun@lowelawatl.com
Georgia Bar Number: 205877
**Attorney for Plaintiffs**

3644 Chamblee Tucker Road, Suite F
Atlanta, GA 30341
Tel/Fax: (678) 258-9131

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-A-21

$198.00 COST PAID

Hunt, Dannette

**PLAINTIFF**

VS.

MDC Coast 4, LLC
Outback Steakhouse of Florida, LLC
ABC Corporation
XYZ Corporation

**DEFENDANTS**

### SUMMONS

TO: MDC COAST 4, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Shaun Daugherty
The Lowe Law Firm, P.C.
3644 Chamblee Tucker Road, Suite F
Atlanta, Georgia 30341**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of January, 2022.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   22-A-21

$198.00 COST PAID

Hunt, Dannette

**PLAINTIFF**

VS.

MDC Coast 4, LLC
Outback Steakhouse of Florida, LLC
ABC Corporation
XYZ Corporation

**DEFENDANTS**

## SUMMONS

TO: OUTBACK STEAKHOUSE OF FLORIDA, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Shaun Daugherty**
**The Lowe Law Firm, P.C.**
**3644 Chamblee Tucker Road, Suite F**
**Atlanta, Georgia 30341**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of January, 2022.**

Clerk of State Court




Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

